## UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION

| | |
|---|---|
| FABIOLA ROMAN, | § |
| Plaintiff, | § § § |
| v. | §   No. |
| CREDIT COLLECTION SERVICES, | § § § |
| Defendant. | § § |

### PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

FABIOLA ROMAN ("Plaintiff"), through her attorneys, KROHN & MOSS, LTD., alleges the following against CREDIT COLLECTION SERVICES ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

2. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### JURISDICTION AND VENUE

3. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Defendant conducts business in the state of Texas, and therefore, personal jurisdiction is established.

5. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)*.

## PARTIES

6. Plaintiff is a natural person residing in Houston, Harris County, Texas.

7. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

8. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)*, and sought to collect a consumer debt from Plaintiff.

9. Defendant is a national debt collection company principally located in Newton, Massachusetts.

## FACTUAL ALLEGATIONS

10. In or around December, 2009, Defendant began sending collection letters to Plaintiff.

11. Shortly thereafter, Defendant began placing collection calls to Plaintiff at least every other day.

12. Plaintiff believes the original creditor for this debt to be Kingswood Hopsital.

13. In or around December 2009 Defendant began continuously threatening to place the debt on Plaintiff's credit report.

14. Defendant does not leave voicemail messages for Plaintiff.

15. When Plaintiff answers the phone Defendant does not identify itself.

16. Plaintiff ascertained that the calls were from Defendant based upon amount of debt discussed on the phone which is the same listed in collection letters from Defendant.

17. In or around March, 2010, Plaintiff informed Defendant that she was disputing the debt.

18. Defendant continued to threaten to place the debt on Plaintiff's credit report after Plaintiff stated that the debt was disputed.

19. On or about April 6, 2010 Defendant made reference to Plaintiff's department store credit cards and stated that Plaintiff has "no problem" paying the credit cards.

20. Defendant also instructed Plaintiff to do what she "needs to do" and then hung up on her.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

21. Defendant violated the FDCPA based on the following:

    a. Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

    b. Defendant violated *§1692d(6)* of the FDCPA by placing telephone calls to Plaintiff without providing meaningful disclosure of the caller's identity.

    c. Defendant violated *§1692e* of the FDCPA by using false, deceptive, or misleading representation in connection with the collection of the debt.

    d. Defendant violated *§1692e(8)* of the FDCPA by continuously threatening to report Plaintiff's alleged debt to the credit bureau.

    e. Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt by failing to identify itself in communications with Plaintiff.

    f. Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in subsequent communications that the communication was from a debt collector.

WHEREFORE, Plaintiff, FABIOLA ROMAN, respectfully requests judgment be entered against Defendant, CREDIT COLLECTION SERVICES, for the following:

22. Statutory damages pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

23. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k,* and

24. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

By:   /s/ Michael S. Agruss
       [ ] Michael S. Agruss, Esq.
       Attorneys for Plaintiff
       Krohn & Moss, Ltd.
       10474 Santa Monica Blvd., Suite 401
       Los Angeles, CA  90025
       T: (323) 988-2400 ext. 235
       F: (866) 802-0021
       magruss@consumerlawcenter.com

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, FABIOLA ROMAN, demands a jury trial in this case.

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF TEXAS

Plaintiff, FABIOLA ROMAN, states the following:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, FABIOLA ROMAN, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

_4/20/10_  
Date

_Fabiola Roman_  
FABIOLA ROMAN